IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GERALD PASLEY | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| SUPERINTENDENT SCI HUNTINGDON, ET AL. | : | NO. 19-4277 |

## ORDER-MEMORANDUM

**AND NOW**, this 8th day of November, 2021, upon careful and independent consideration of Petitioner Gerald Pasley's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 (Docket No. 1), and all documents filed in connection therewith, and after review of United States Magistrate Judge Carol Sandra Moore Wells's Report and Recommendation (the "R&R") (Docket No. 23), and consideration of Petitioner's Objections to the R&R (Docket No. 24) and all documents filed in connection with Petitioner's Objections, **IT IS HEREBY ORDERED** as follows:

1. Petitioner's Objections are **OVERRULED**, except to the extent that Petitioner objects to the Magistrate Judge's recommendation that his Confrontation Clause Claim was procedurally defaulted.

2. Petitioner's Objections are **SUSTAINED** insofar as he challenges the R&R's conclusion that Petitioner asserted a Confrontation Clause claim that was procedurally defaulted; that aspect of the R&R is **REJECTED**; and we instead find that Petitioner asserted no Confrontation Clause claim.

3. The R&R is **APPROVED** and **ADOPTED** except as set forth in Paragraph 2.

4. The Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 is **DISMISSED** and **DENIED** without an evidentiary hearing.

5.      As Petitioner has failed to make a substantial showing of the denial of a constitutional right or demonstrated that a reasonable jurist would debate the correctness of this ruling, the Court declines to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2).

In March of 2014, Petitioner was convicted after a jury trial in the Philadelphia Court of Common Pleas of first-degree murder, attempted murder, and firearms offenses.  He was subsequently sentenced to life in prison.  Petitioner completed direct and Post Conviction Relief Act ("PCRA") appeals in the state court system, and has since filed the instant Petition for a Writ of Habeas Corpus.

The state court charges against Petitioner arose out of the shooting death of 65-year-old Solomon Jackson in Philadelphia.  As the Superior Court recounted in its opinion on direct appeal, the shooting occurred in connection with a street altercation between Petitioner and another individual named Rasan Smith ("Rasan") at 7:20 p.m. on December 4, 2012, after which Petitioner fired four or five shots at Rasan.  Commonwealth v. Pasley (Pasley I), No. 2352 EDA 2014, 2015 WL 6737731, at *1 (Pa. Super. Ct. Aug. 4, 2015).  Rasan was not hit by the bullets, but Jackson, who was walking nearby, sustained a gunshot wound to his chest and later died.  Id.  Police subsequently interviewed Rasan, who identified Petitioner as the shooter.  Id. at *4.  At trial, however, Rasan recanted his account.  Id.

Petitioner asserts three claims in his habeas petition: (1) trial counsel was ineffective for failing to adequately advocate for a jury charge pursuant to Commonwealth v. Kloiber, 106 A.2d 820 (Pa. 1954), which advises a jury that a witness's identification should be viewed with caution in certain circumstances ("Claim One"); (2) his convictions violated due process because they were only supported by unsworn statements ("Claim Two"); and (3) the evidence was insufficient

2

to support his conviction ("Claim Three"). Magistrate Judge Wells also found that Petitioner had asserted a fourth claim in his memorandum in support of his habeas petition, namely, that his Confrontation Clause rights were violated by the admission of out-of-court statements at trial ("Claim Four"). In a Report and Recommendation, Magistrate Judge Wells recommends that Claims Two and Four are procedurally defaulted and that Claims One and Three fail on the merits. Petitioner objects to all of these recommendations. When a petitioner objects to an R&R, we must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made" and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

Petitioner first objects to the Magistrate Judge's recommendation that we deny Claim One, the ineffective assistance of counsel claim grounded on Kloiber. The Superior Court rejected this ineffectiveness claim on PCRA appeal, concluding both that the claim had been waived and that, on the merits, Petitioner's trial counsel was not ineffective because there was no valid basis for a Kloiber jury instruction, i.e., an instruction that the jury should view Rasan's identification of Petitioner with caution. Pasley II, 2019 WL2383613, at *4-5. The Superior Court elaborated that "[t]here was no substantial question of whether . . . Rasan recognized [Petitioner], or had any difficulty in identifying him as his would-be assailant," because Rasan told police both that "he had known [Petitioner] for approximately one year before the shooting" and that he and Petitioner "conversed before [Petitioner] began opening fire." Id. at *5. The Magistrate Judge recommends that we are bound by the state court's interpretation of state law insofar as it concluded that no Kloiber instruction was warranted. She further recommends that it was reasonable for the state court to conclude that Petitioner's ineffectiveness claim based on Kloiber failed because counsel cannot be ineffective under Strickland for failing to advance a meritless

3

claim.

Petitioner now appears to argue that the Superior Court made an "unreasonable determination of facts in light of the evidence presented in the State Court proceedings" when it found that the facts did not support a <u>Kloiber</u> instruction. 28 U.S.C. § 2254(d)(2). Specifically, Petitioner argues that the evidence at trial, far from supporting Rasan's identification of Petitioner as the shooter, discredited that identification, because available video footage was too dark to capture the image of the shooter and, at trial, Rasan recanted his unsworn statement to police that Petitioner was the shooter. Moreover, Petitioner argues, the Superior Court should have concluded that a <u>Kloiber</u> instruction was necessary because there was no physical evidence linking Petitioner to the crime and no evidence that he had a motive for firing shots at Rasan.

However, as the Superior Court reasonably determined, Petitioner's "assertion that it was too dark to identify the shooter focuses exclusively on the limitations of the videotape and ignores . . . Rasan's capacity to identify his assailant." <u>Pasley II</u>, 2019 WL 2383613, at *5. Moreover, any lack of other evidence connecting Petitioner to the crime or insufficient evidence of motive does not undermine the Superior Court's factual determination that there was evidence in the record that Rasan knew Petitioner and got a good view of him before Petitioner fired his weapon. <u>Id.</u> Under these circumstances, we cannot conclude that the Superior Court made an "unreasonable determination of facts in light of the evidence presented in the State Court proceedings" in finding that no <u>Kloiber</u> instruction was warranted. 28 U.S.C. § 2254(d)(2). We therefore overrule Petitioner's objection to the Magistrate Judge's recommendation that we deny Claim One.

With respect to Claim Two, i.e., Petitioner's claim that his conviction violated due process because it was based on Rasan's unreliable and unsworn statements, Petitioner appears to argue

that the Magistrate Judge erred in recommending that the claim is procedurally defaulted for failure to raise it on direct appeal when, in Petitioner's view, it is an ineffective assistance of counsel claim that he was not permitted to raise on direct appeal. However, his claim is not phrased as one of ineffectiveness in his habeas petition and was not framed as an ineffectiveness claim when he raised it on PCRA appeal. See Commonwealth v. Pasley (Pasley II), No. 3929 EDA 2017, 2019 WL 2383613, at *6 (Pa. Super. Ct. June 5, 2019) (noting that Petitioner "posits that the use of Rasan's out-of-court statements constitute a violation of [his] due process rights" and "does not couch this claim in terms of ineffective assistance of counsel," and finding the due process claim to be waived based on Petitioner's failure to raise it on direct appeal). Accordingly, we will not consider this claim to be an ineffectiveness claim now. We therefore overrule Petitioner's objection to the Magistrate Judge's recommendation that we dismiss Claim Two of his habeas petition as procedurally defaulted.

With regard to Claim Three, Petitioner argues that the Magistrate Judge erred in recommending that the state court's resolution of Petitioner's sufficiency of the evidence claim on direct appeal was reasonable. In this regard, Petitioner argues both in his Objections and in his habeas petition that the Superior Court unreasonably found that the evidence was sufficient to support his conviction because (1) the prosecution's trial witnesses recanted their prior unsworn statements to police in which they identified Petitioner as the shooter, and (2) the evidence established no motive for the shooting.

In addressing challenges to the sufficiency of the evidence, federal law requires that we "review[ ] the evidence in the light most favorable to the prosecution." Sullivan v. Cuyler, 723 F.2d 1077, 1083-84 (3d Cir. 1983) (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)) (citing Paullet v. Howard, 634 F.2d 117, 118 (3d Cir. 1980) (per curiam)). In this case, the Magistrate

5

Judge correctly noted that the jury heard evidence that identified Petitioner as the shooter – namely, that Rasan told police that Petitioner was the shooter and that he told the same to a woman named Iesha Henry and a family friend named James Fanning.  (N.T. 3/25/14, at 120-21 (impeaching Rasan with his statement to police that Petitioner shot at him); 163-64 (impeaching Henry with her statement to police that Rasan told her that Petitioner was shooting at him), 192-93 (impeaching Fanning with his statement to police that Rasan told him that Petitioner shot at him).)  And although Rasan, Henry, and Fanning recanted their statements to police identifying Petitioner as the shooter when they testified at trial, under Pennsylvania law, these prior statements may nevertheless be "sufficient evidence upon which a criminal conviction may properly rest" as long as the defendant had the opportunity to cross-examine the witnesses and the jury "could, under the evidentiary circumstances of the case, reasonably credit those statements over the witness's in-court recantations."  Commonwealth v. Brown, 52 A.3d 1139, 1168 (Pa. 2012).  Accordingly, we cannot conclude that the Superior Court erred in determining that there was sufficient evidence from which the jury could reasonably find that Petitioner was the shooter who killed Jackson.

Petitioner also argues at length that the Superior Court, on direct appeal, erroneously found that he had a motive for firing shots at Rasan because he, Rasan, and Iesha Henry "were involved in a three-way sexual relationship" when, in fact, there was no evidence that such a three-way relationship existed.  Pasley I, 2015 WL 6737731, at *4.  We acknowledge that the Superior Court erroneously stated on direct appeal that "there was pervasive evidence presented throughout trial that [Petitioner, Rasan,] and Henry were involved in a three-way sexual relationship at the time of the shooting," even though the evidence at trial was that Petitioner's friend, Khalil Smith, was in that three-way relationship with Henry and Rasan.  Id.; see, e.g., N.T. 3/25/14, at 172-74.  Petitioner suggests that this factual error as to who was in the three-way relationship was crucial

to the Superior Court's sufficiency decision because it manufactured a false motive for the shooting and, under Supreme Court law, motive is key when identification is in question. See House v. Bell, 547 U.S. 518, 540-41 (2006). However, we do not read the Superior Court to have considered the three-way relationship to be evidence on which the jury could have found that Petitioner had a motive for the crime, which, in turn, supported its sufficiency analysis; indeed, it suggested only that evidence of any relationships could be part of the jury's "assess[ment] [of] the witnesses' motives for changing their stories." Pasley I, 2015 WL 6737731, at *4. Moreover, we simply cannot find the Superior Court's ultimate conclusion that there was sufficient evidence to support Petitioner's conviction to be unreasonable in light of the evidence, viewed in the light most favorable to the prosecution, that Rasan repeatedly identified Petitioner as the shooter (to police, Henry, and Fanning), which the jury was free to credit. We therefore overrule Petitioner's objections to the Magistrate Judge's recommendations regarding Count Three.

With respect to Claim Four, the Confrontation Clause claim, Petitioner argues that, contrary to the Magistrate Judge's understanding, he did not make a Confrontation Clause claim. (Pet'r Objections at 7 ("There is no separate confrontation clause claim.").) This is a curious argument given that Petitioner specifically argued in his memorandum in support of his habeas petition that "the admission of [unreliable out-of-court] statements in the context of this case violates the Confrontation Clause." (Docket No. 1 at 40 of 42.) However, given that Petitioner did not include this Confrontation Clause claim in the habeas petition itself, we accept his assertion that he did not intend to make it. We therefore sustain Petitioner's objection to the Magistrate Judge's recommendation that the Confrontation Clause claim should be dismissed as procedurally defaulted, and we instead conclude that Petitioner asserted no such claim that requires resolution.

For all of these reasons, we overrule Petitioner's Objections except to the extent that they

challenge the recommendation with regard to Petitioner's purported Confrontation Clause claim. We therefore approve and adopt the Report and Recommendation except to the extent that it recommends that Petitioner asserts a Confrontation Clause claim that was procedurally defaulted.

BY THE COURT:

/s/ John R. Padova, J.

John R. Padova, J.